# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 05 C 5584 |
| MARK BEW, | ) |
| Defendant. | ) |

## AMENDED MEMORANDUM OPINION AND ORDER

Defendant Mark Bew ("Bew") has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C.A. § 2255 (2006). On January 15, 2003, Mr. Bew pled guilty to one count of possession with intent to distribute cocaine base, a violation of 21 U.S.C.A. § 841(a)(1). He was sentenced as a career offender and received a sentence of 188 months' imprisonment, four years of supervised release, as well as restitution and a special assessment. Mr. Bew appealed the outcome of his criminal case to the Seventh Circuit Court of Appeals. The Seventh Circuit appointed counsel to represent Mr. Bew. That counsel filed a no-merit report under *Anders v. California*, 386 U.S. 738 (1967), and, in an unpublished opinion, the Seventh Circuit affirmed Mr. Bew's conviction and sentence. *United States v. Bew*, No. 03-2931, slip op. at 4 (7th Cir. May 26, 2004). Mr. Bew petitioned the Supreme Court for a writ of certiorari but on October 4, 2004 the Court denied his petition. 543 U.S. 915 (2004). He filed his § 2255 motion before

this court on September 22, 2005, within the one-year time period set forth in § 2255 for such motions. Mr. Bew requests an evidentiary hearing. However, for the reasons stated below, I must deny his motion.

I.

In his motion to vacate his sentence, Mr. Bew raises ineffective assistance of counsel arguments about the counsel who represented him in his underlying case and on appeal. He argues that his counsel were ineffective because they failed to object to the district court's finding that the cocaine Mr. Bew distributed was crack cocaine, and because his counsel on appeal failed to provide him with a reasonable opportunity to perfect and submit an effective appeal.[1] Both of these arguments are without merit.

II.

Ineffective assistance of trial counsel may properly be raised in a § 2255 motion regardless of whether the defendant raised the issue on direct appeal, as long as the defendant presents extrinsic evidence in support of his motion. *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996) (citations omitted). To prevail, Mr. Bew must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance

---

[1] Mr. Bew's initial motion contained other ineffective assistance arguments that he subsequently withdrew in his reply brief, so I will not address them.

2

prejudiced him with regard to the outcome of the trial. *Id.* at 1179 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Here, Mr. Bew argues that his trial counsel provided ineffective assistance because he did not object to the finding that the cocaine at issue in Mr. Bew's conviction was crack cocaine, which carries a higher sentence than other types of cocaine. The extrinsic evidence upon which Mr. Bew relies are laboratory reports from February of 2000 that he purportedly received after the conclusion of his appeal and that indicate a finding that the cocaine at issue was "Cocaine (present as the base)."[2] Mr. Bew also attaches an affidavit from an FBI agent in support of the complaint filed against Mr. Bew in which the terms "crack cocaine," "cocaine base," and "cocaine" are used interchangeably. Mr. Bew apparently believes that these documents would have given his trial counsel an argument that Mr. Bew possessed cocaine but not in "crack" form.

While the type of cocaine to which the reports refer is unclear, they do not establish that Mr. Bew was prejudiced as to the outcome of his trial. First, as Mr. Bew notes, crack cocaine is a type of cocaine base, so the reports and affidavit do not

---

[2]The origin of these reports is unclear. They do not appear to have been part of the materials presented to the trial court during sentencing. If Mr. Bew received them from his appellate counsel they were presumably part of the evidence obtained by the defense during the case, so they would have been available to his trial counsel.

3

establish that Mr. Bew did not possess crack cocaine. Second and more importantly, in his plea agreement with the government Mr. Bew specifically acknowledged that he "knowingly and intentionally possessed with intent to distribute a controlled substance, namely, a mixture containing more than five grams of cocaine base, commonly known as 'crack cocaine.'" In the plea agreement Mr. Bew also admits that he agreed to sell the government's confidential informant "crack cocaine," that he agreed on an asking price with the confidential informant for an ounce of "crack cocaine," and that he gave the confidential informant "crack cocaine." In Mr. Bew's version of the offense submitted to the trial court during sentencing, he also stated that he obtained "crack cocaine." The case Mr. Bew cites, *United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005), is inapplicable because in that case the defendant pled guilty to possessing "cocaine base" but specifically contested that the substance was crack; Mr. Bew acknowledged possessing crack cocaine. *See id.* at 572-73.[3] That decision also came after Mr.

---

[3]The Seventh Circuit explains in *Edwards* that "[a]ll crack is cocaine base but not all cocaine base is crack." *Id.* at 571. A series of Seventh Circuit decisions in the late 1990s made clear that the higher guidelines penalties apply to the subset of cocaine base which is "crack." *See id.* at 571-72 (citing *United States v. Booker*, 70 F.3d 488, 494 (7th Cir. 1995); *United States v. Reddrick*, 90 F.3d 1276, 1282 (7th Cir. 1996); *United States v. Earnest*, 129 F.3d 906, 915-16 (7th Cir. 1997); *United States v. Adams*, 125 F.3d 586, 591-92 (7th Cir. 1997); *United States v. Hall*, 109 F.3d 1227, 1236 (7th Cir. 1997)). Despite these cases, however, the wording of Mr. Bew's plea clearly indicated that Mr. Bew was admitting to the distribution of the subset of cocaine base which is crack and therefore subject to the higher penalties.

4

Bew's conviction and would not have been available precedent for his lawyer to use in making these arguments on Mr. Bew's behalf.[4] In addition, because Mr. Bew signed a plea agreement in which he admitted to possessing crack cocaine, his trial counsel would have had no basis to contest the court's finding that the cocaine at issue was crack cocaine, and it would have undermined his credibility and would have been futile to do so. Therefore, it was not ineffective assistance of counsel for his trial counsel to have failed to raise that argument.

### III.

Mr. Bew also argues that his appellate counsel was ineffective because she purportedly "failed to communicate with him and review the case files" and failed to provide him with a meaningful appeal. The test for ineffective assistance of appellate counsel is the same as that for ineffective assistance of trial counsel. *Mason v. Hanks*, 97 F.3d, 887, 892 (7th Cir. 1996) (citations omitted). There is a "strong presumption" that Mr. Bew's counsel was

---

[4]The Seventh Circuit framed its opinion in *Edwards* as "reaffirming" its earlier holding in *Booker* that, for purposes of the enhanced penalties both in the sentencing guidelines and in the statute, "cocaine base means crack." *Id.* at 572 (citing *Booker*, 70 F.3d at 489-90, 494). However, the Seventh Circuit did acknowledge confusion among district courts concerning the scope of the holding in *Booker*, which is why it reaffirmed that rule in *Edwards*. To the extent that Mr. Bew's counsel believed that the statutory sentencing enhancement for "cocaine base" referred to all cocaine base and not just crack cocaine, it may have been reasonable for him to fail to raise this argument pre-*Edwards*.

5

constitutionally effective. *Id.* (citing *Strickland*, 466 U.S. at 686).

Aside from arguing that she should have raised an argument about the distinction between crack and cocaine base, however, Mr. Bew provides no specific examples of arguments she failed to raise or other issues she did not address.[5] Mr. Bew must show that the conduct of his counsel on appeal "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. Here Mr. Bew has not made such a showing. He contends that his appellate counsel did not communicate with him, but also references letters she sent to him in which she discussed his case. In addition, his counsel filed an *Anders* brief with the Seventh Circuit which described arguments she might make on his behalf and why those arguments were frivolous. The detail of the *Anders* brief his counsel filed demonstrates that she did review the trial record and consider the issues. The Seventh Circuit accepted her *Anders* brief. Mr. Bew was given an opportunity to file a response to the *Anders* brief but he chose not to do so. In short, he has made no showing that his

---

[5]Mr. Bew's counsel on appeal did not raise the crack/cocaine base argument in her *Anders* brief. This was appropriate since the Seventh Circuit has repeatedly held that ineffective assistance of counsel arguments are more properly raised in a § 2255 motion rather than on direct appeal. *See, e.g., United States v. Schuh*, 289 F.3d 968, 976 (7th Cir. 2001); *United States v. Hamzat*, 217 F.3d 494, 501 (7th Cir. 2000). Also, since any argument about the crack/cocaine base distinction would have been futile, as described above, it was not unreasonable for Mr. Bew's counsel not to have made that argument on appeal.

counsel acted unreasonably or that any actions she failed to take prejudiced the outcome of his appeal.

IV.

Having presented no meritorious arguments, Mr. Bew's motion is denied.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 25, 2006